Sean Armstrong
Sr. Counsel
ConocoPhillips Alaska, Inc.
700 G Street
Anchorage, AK  99501
Phone: (907) 265-1445
Sean.P.Armstrong@ConocoPhillips.com
Attorney for ConocoPhillips Alaska, Inc.

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| CONOCOPHILLIPS ALASKA, INC.,<br><br>      Plaintiff,<br><br>v.<br><br>JOHN DOE (UNKNOWN),<br><br>      Defendant. | Case No. 3:22-cv-00230-HRH |

## COMPLAINT

Plaintiff, ConocoPhillips Alaska, Inc. ("ConocoPhillips Alaska"), brings this suit against unknown Defendant John Doe to recover $25,000 obtained by Defendant through a fraudulent email hacking scheme in violation of the U.S. Computer Fraud and Abuse Act and Alaska law.  Plaintiff intended to donate the funds to ANCSA Regional Association ("ARA") in support of its 50th Anniversary but was instead directed to wire the money to an account held by Defendant at the Navy Federal Credit Union ("NFCU"). By this Complaint and subpoena to NFCU, Plaintiff seeks discovery of information leading to the identity of Defendant and eventual recovery of the stolen funds.

Complaint
*ConocoPhillips Alaska, Inc. v. John Doe (Unknown)* 3:22-cv-00230-HRH      1

## PARTIES

1. Plaintiff ConocoPhillips Alaska, Inc. is a Delaware corporation with its principal place of business in Anchorage, Alaska.

2. Defendant John Doe is an unknown individual(s) who is believed to have accessed a protected computer in Anchorage, Alaska without authorization to obtain money from Plaintiff through fraudulent means.

## JURISDICTION AND VENUE

3. Jurisdiction in the Court is proper under 28 U.S.C. § 1331, 18 U.S.C. § 1030(g), and 28 U.S.C. § 1367(a).

4. Venue is proper in this judicial district under 28 U.S.C. § 1391 because a substantial part of the events giving rise to this claim occurred in Anchorage, Alaska.

## FACTS

5. ARA is a nonprofit located in Anchorage, Alaska whose mission is to "promote and foster continued growth and economic strength of the Alaska Native regional corporations for the benefit of their shareholders and communities." See https://ancsaregional.com/about-ara/.

6. On April 2, 2021, an employee of ARA (ARA Employee) sent an email to ConocoPhillips Alaska's Community Investment department requesting financial support for the production of a 30-minute video showcasing the history of the Alaska Native Claims Settlement Act (ANCSA) and Alaska Native regional corporations in celebration of the 50-year anniversary of ANCSA.

7. On April 12, 2021, an employee in ConocoPhillips Alaska's Community Investment (COPA Employee) emailed the ARA Employee with news that ConocoPhillips Alaska would be "proud to be a $25,000 sponsor of the 30-minute video" and requested ARA Employee send back both an Internal Revenue Service W-9 Taxpayer Identification Number and Certificate form ("W-9") and an electronic funds transfer authorization agreement ("EFT Authorization") containing ARA's bank account and routing information for payment.

8. Between April and June, the COPA Employee exchanged several additional emails with ARA Employee to obtain all the information needed for the W-9 and EFT Authorization documents.

9. On June 21, 2021, at 1:34 PM, the ARA Employee sent the completed forms stating, "Thank you so much for your patience .... Attached are the two forms. Please let me know if you need anything further…."

10. However, approximately three hours later, at 4:29 PM, the COPA Employee received a second email from ARA Employee's email address stating, "Kindly use our account at Navy Federal Credit Union as explained earlier, Been in a meeting and it is very hectic for me today. Attached the wrong file. Attaching it again right now."

11. On information and belief, the 4:29 PM email was the first point in the email chain that an unknown person (or persons) illegally and fraudulently took over control of ARA Employee's email account and began sending emails to ConocoPhillips Alaska. The unknown hacker is referred to in this Complaint as Defendant John Doe. Defendant

hacked into the server hosting ARA's email accounts some time before June 21 at 4:29 PM and sent the 4:29 PM email and several subsequent emails using ARA Employee's email account while impersonating ARA Employee.

12. Defendant's email attached a new W-9 and EFT Authorization, which listed an account and routing number for NFCU and contained the forged signatures of the ARA Employee.

13. The COPA Employee responded, saying that all documents were in order and payment would soon be processed.

14. On July 8, ConocoPhillips Alaska sent an email from "COPA Community Investment & Public Affairs" to the ARA Employee's email address acknowledging payment. The email attached a letter confirming the $25,000 grant award and stated the funds were transferred by EFT to ARA's account on July 8, 2021.

15. Several months later, on November 11, 2021, ARA Employee sent an email to ConocoPhillips Alaska inquiring when ARA would receive the $25,000 payment.

16. ConocoPhillips Alaska responded stating the award was paid in July, attaching the award letter and tracking number. ARA then contacted its bank, First National Bank Alaska, which confirmed that it had no record of a $25,000 deposit.

17. After an investigation by its cybersecurity department, ConocoPhillips Alaska determined Defendant's fraudulent emails and unauthorized computer access came from ARA's email account. On information and belief, ARA's IT personnel was

also able to confirm that ARA Employee's email account was accessed without authorization.

18. Although unconfirmed and based on information and belief, Defendant may have used programming techniques to hide or delete both the emails Defendant sent from ARA Employee's email to ConocoPhillips Alaska and the emails received from ConocoPhillips Alaska to ARA beginning from approximately June 21 at 4:29 PM through the July 8, 2021, award letter from ConocoPhillips. Therefore, the ARA Employee was unaware of the unauthorized access until that employee made inquiry about the nonpayment in November.

19. Plaintiff attempted to recall the stolen funds through its payor bank, JP Morgan Chase, but was unsuccessful because the NFCU account had been closed prior to the recall attempt.

20. Plaintiff attempted to obtain information leading to the identify of Defendant from NFCU, but NFCU declined to provide such information without a court authorized subpoena. Therefore, concurrent with the filing of this Complaint, Plaintiff is serving NFCU with a third-party subpoena requesting all relevant information concerning the account.

### COUNT I. – VIOLATION OF
### THE U.S. COMPUTER FRAUD AND ABUSE ACT

21. The allegations contained in the preceding paragraphs are incorporated as if fully set forth herein.

22. Defendant, from an unknown location, knowingly and with the intent to defraud, accessed a protected computer without authorization at ARA in Anchorage, Alaska, and then fraudulently directed Plaintiff to send $25,000 to an out-of-state bank account held or controlled by Defendant at NFCU. As a result, Defendant's conduct caused economic damage and loss to Plaintiff. 18 USCS §§ 1030(g), (c)(4)(A)(i)(I).

23. The computer Defendant illegally accessed was connected to the internet and being used in or affecting interstate or foreign commerce or communication. Therefore, Defendant's access was prohibited under 18 USCS §§1030(a)(2)(C), (e)(2)(B).

24. Plaintiff suffered economic damages of $25,000, which exceeds the $5,000 minimum required damages to file a civil action under the Computer Fraud and Abuse Act. 18 USCS §1030(g).

## COUNT II. – FRAUD

25. The allegations contained in the preceding paragraphs are incorporated as if fully set forth herein.

26. Through Defendant's unauthorized access of ARA's Executive Director's computer and email account on or before June 21, 2022, Defendant was able to take control of email communications between ARA and ConocoPhillips Alaska. Then, through fraud and misrepresentation, Defendant impersonated ARA's Executive Director and forged ARA's Executive Director's signature on an EFT Authorization and W-9 with the purpose of inducing ConocoPhillips Alaska to authorize payment to a bank account held by Defendant instead of the intended recipient, ARA.

Complaint
*ConocoPhillips Alaska, Inc. v. John Doe (Unknown)* 3:22-cv-00230-HRH 6

27. ConocoPhillips Alaska relied upon the representations made by Defendant and made payment to Defendant of $25,000.

28. ConocoPhillips Alaska has suffered direct monetary damages as the result of the fraud and misrepresentations made by Defendant.

## COUNT III. – CONVERSION

29. The allegations contained in the preceding paragraphs are incorporated as if fully set forth herein.

30. ConocoPhillips Alaska is the rightful owner of the funds paid to Defendant.

31. Defendants intentionally engaged in a scheme to deprive ConocoPhillips Alaska of possession of the funds.

32. Defendants have deprived ConocoPhillips Alaska of the possession and use of at least $25,000.

33. ConocoPhillips Alaska has suffered damages in an amount no less than $25,000.

## COUNT IV. – UNJUST ENRICHMENT

34. The allegations contained in the preceding paragraphs are incorporated as if fully set forth herein.

35. Defendant received benefit in the form of payment from ConocoPhillips Alaska made in reliance upon Defendant's misrepresentations and fraud.

36. The payment came at the expense of ConocoPhillips Alaska. ConocoPhillips Alaska received nothing of value in return for the payment.

37. It is unjust for Defendant to retain the benefit of the payment, and he/she should be required to disgorge and return the payment.

## COUNT V. – CONSTRUCTIVE TRUST

38. The allegations contained in the preceding paragraphs are incorporated as if fully set forth herein.

39. Any property interest Defendant holds in the fraudulently obtained funds, and any assets maintained, purchased or obtained using the funds, is held unfairly.

40. Any property interest Defendant holds in the fraudulently obtained funds, and any assets purchased or obtained using the fraudulently obtained funds, was obtained by unjust, unconscionable and unlawful means.

41. Any property interest Defendant holds in the fraudulently obtained funds, and any assets maintained, purchased or obtained using the funds rightly belongs to ConocoPhillips Alaska.  ConocoPhillips Alaska has a good equitable claim to any assets that can be found to have been received by Defendant or obtained by him/her as a result of the funds fraudulently obtained from ConocoPhillips Alaska.

42. A constructive trust should be placed over all property interests in the fraudulently obtained funds and all property interests maintained, purchased or obtained using fraudulently obtained funds, and title and ownership conveyed back to ConocoPhillips Alaska.

43. Under the circumstances it would be inequitable to allow Defendant to retain fraudulently obtained funds from ConocoPhillips Alaska or any assets maintained,

purchased or obtained with those funds. Therefore, a constructive trust should be imposed upon such funds and assets in favor of ConocoPhillips Alaska as beneficiary.

Wherefore, plaintiff ConocoPhillips Alaska seeks the following relief:

    A.    This court exercise its equitable powers and place a constructive trust over all assets fraudulently obtained from ConocoPhillips Alaska, and all assets maintained, purchased or obtained with those fraudulently obtained funds from ConocoPhillips Alaska.

    B.    That this court enter judgment against Defendant in an amount to be proven at trial.

    C.    That ConocoPhillips be awarded its full costs and attorney fees.

All other relief as may be just and proper.

DATED this 19th day of October, 2022 at Anchorage, Alaska.

    Sean Armstrong
    Attorney for ConocoPhillips Alaska, Inc.

    DocuSigned by:
    */s/ Sean Armstrong*
    E20706E618BE480...
    Sean Armstrong, Alaska Bar No. 2205033